Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| BETTY CALDERÓN DÍAZ  Recurrente  v.  DEPARTAMENTO DE LA FAMILIA  Recurrida | TA2026RA00172 | REVISIÓN JUDICIAL procedente de la Junta Adjudicativa del Departamento de la Familia, Región de San Juan  Civil núm.: 2026TANF00046  Sobre: Inelegibilidad |
| --- | --- | --- |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 16 de abril de 2026.

Comparece ante este tribunal apelativo la Sra. Betty Calderón Díaz (señora Calderón Díaz o recurrente), por derecho propio y en forma *pauperis*,[1] mediante el recurso de revisión judicial de epígrafe. En este, nos solicita que revisemos la *Resolución* emitida por la Junta Adjudicativa del Departamento de la Familia (Junta Adjudicativa), el 6 de marzo de 2026, notificada ese mismo día. Mediante este dictamen, el foro administrativo desestimó el recurso de *Apelación* instado por la recurrente ante la falta de jurisdicción por su presentación tardía.

Por los fundamentos que expondremos a continuación, desestimamos el recurso por falta de jurisdicción.[2]

### I.

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla aun en ausencia de

---

[1] La señora Calderón Díaz acompañó el recurso con la *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia,* la cual declaramos *Ha Lugar.*

[2] Acorde con la determinación arribada, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) de nuestro Reglamento, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR ___, (2025).

algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque de carecer de jurisdicción para atenderlo, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). El no tener la potestad para atender un asunto no puede ser corregido ni atribuido por el tribunal. *Constructora Estelar, S.E. v. Aut. Edificios Públicos*, supra.

En aquellas instancias en las que un ente adjudicador dicta una sentencia sin ostentar jurisdicción en la persona o en la materia, su determinación es "jurídicamente inexistente." *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007). De ahí que, cuando un foro adjudica un recurso sobre el cual carece de jurisdicción para entender en este, ello constituye una actuación ilegítima, disponiéndose que cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria. *Íd.*

De otro lado, un recurso prematuro, **al igual que uno tardío**, **adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado.** *Padilla Falú v. A.V.P.,* 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000). Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues, en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo. *Juliá et al v. Epifanio Vidal, S. E.,* 153 DPR 357, 366 (2001).

Como corolario de lo antes expuesto, el Reglamento del Tribunal de Apelaciones dispone en la Regla 83, *supra,* a las págs. 115-116, lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) que el Tribunal de Apelaciones carece de jurisdicción;

(...)

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

Por su parte, de conformidad con la Sección 4.2 de la de la Ley núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG), 3 LPRA sec. 9672, la parte adversamente afectada podrá, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o decisión final del Juez Administrativo, **presentar una solicitud de revisión ante el Tribunal de Apelaciones**.

Asimismo, la Regla 57 del Reglamento del Tribunal de Apelaciones, *supra,* a la pág. 80, establece un **término jurisdiccional de treinta (30) días para presentar un recurso de revisión judicial, contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia o a partir de la fecha aplicable cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración**.

## II.

Analizado el recurso ante nuestra consideración y el expediente apelativo, nos corresponde, en primera instancia, atender el asunto relativo a la jurisdicción debido a que debe ser resuelto con preferencia a cualquiera otra cuestión. Ello, aun cuando ninguna de las partes lo haya argumentado o solicitado. *Carattini v. Collazo Systems Analysis, Inc.,* 158 DPR 345, 355 (2003).

Surge de la *Resolución* recurrida que la señora Calderón Díaz instó ante la Junta Adjudicativa un recurso de *Apelación*

impugnando la decisión de la Administración de Desarrollo Socioeconómico de la Familia (ADSEF) mediante la cual se le denegó la ayuda económica temporal del Programa TANF. Sin embargo, la Junta Adjudicativa determinó que el recurso se instó fuera del término establecido en el Artículo 12(A) del *Reglamento para Establecer los Procedimientos de Adjudicación de Controversias ante la Junta Adjudicativa del Departamento de la Familia*, Reglamento Núm. 9491, promulgado por el Departamento de la Familia el 24 de agosto de 2023. Por lo que, desestimó con perjuicio el reclamo de la recurrente.

Ahora bien, la *Resolución* objetada fue emitida y notificada el **6 de marzo de 2026,** según consta del expediente apelativo, por lo que la señora Calderón Díaz tenía hasta el **6 de abril de 2026** para recurrir en revisión ante esta *Curia*. No obstante, esta presentó el recurso de revisión ante nuestra consideración, de manera presencial, el 8 de abril de 2026, en exceso del término de treinta (30) días jurisdiccionales dispuesto en la LPAUG; así como en nuestro Reglamento.

Recordemos que el incumplimiento con un término jurisdiccional no admite justa causa y, contrario a un plazo de cumplimiento estricto, es uno fatal, improrrogable e insubsanable, por lo que no puede ser acortado ni extendido. *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000). Su incumplimiento despoja de jurisdicción al foro adjudicativo. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). Así pues, la falta de jurisdicción conlleva la desestimación de la reclamación sin considerar los méritos de la controversia, pues, los tribunales ni las agencias pueden asumir jurisdicción donde no la tienen. *Suffront v. AAA*, 164 DPR 663, 674 (2005).

Por último, es norma claramente establecida que las partes, inclusive los que comparecen *pro se,* deben cumplir fielmente con

las disposiciones reglamentarias dispuestas para la presentación y forma de los recursos y que su inobservancia puede dar lugar a la desestimación. *Pueblo v. Rivera Toro*, 173 DPR 137 (2008); *Lugo v. Suárez*, 165 DPR 729, 737 (2005); *Pellot v. Avon*, 160 DPR 125, 134-135 (2003); *Arriaga v. F.S.E.,* 145 DPR 122, 129-130 (1998).

Por consiguiente, al haberse presentado el recurso de revisión judicial fuera del término jurisdiccional resulta ser tardío y; en su consecuencia, carecemos de jurisdicción para atenderlo y tiene que ser desestimado.

**III.**

Por los fundamentos antes expuestos, desestimamos el recurso de revisión judicial por falta de jurisdicción ante su presentación tardía.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones